UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x   AH-3515
SANYO SALES & MARKETING
CORPORATION,

              Plaintiff,              Case No: 08-CV-5718 (RJS)

   - against -                      **ANSWER AND CROSS-CLAIMS**

KOREAN AIRLINES and BAX GLOBAL
JAPAN K.K.,
              Defendants.
------------------------------------------------------------------x

      Defendant Korean Air Lines Co., Ltd. (incorrectly sued as "Korean Airlines" and hereinafter "KAL"), by its attorneys Clyde & Co US LLP, answers plaintiff's Complaint as follows:

      1.     Denies the allegations in paragraph First of the Complaint and leaves all questions of law for the Court.

      2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph Second of the Complaint and leaves all questions of law for the Court.

      3.     Denies the allegations in paragraph Third of the Complaint except admits that KAL is a foreign corporation organized and existing under the laws of the Republic of Korea with a place of business located at Cargo Building #9, JFK International Airport, Jamaica, New York, is a duly certificated foreign air carrier engaged in the international transportation by air of passengers, baggage and cargo, and leaves all questions of law for the Court.

      4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph Fourth of the Complaint and leaves all questions of law for the Court.

      5.     Denies the allegations in paragraphs Fifth through Tenth of the Complaint except admits that KAL contracted to transport a certain shipment pursuant to air waybill no. 180-

5634-8025, and leaves all questions of law for the Court.

**AS AND FOR A FIRST
AFFIRMATIVE DEFENSE**

6.     The Complaint fails to state a claim against KAL upon which relief can be granted.

**AS AND FOR A SECOND
AFFIRMATIVE DEFENSE**

7.     The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 33292734 (hereinafter "Montreal Convention"), and the rights of the parties are governed exclusively by the provisions of the said Montreal Convention.

**AS AND FOR A THIRD
AFFIRMATIVE DEFENSE**

8.     Pursuant to Articles 18 and/or 20 of the Montreal Convention, KAL's tariffs, KAL's conditions of carriage as set forth in the relevant contract of carriage and/or other relevant law, KAL is not liable to plaintiff for the loss or damage described in the Complaint because the alleged loss or damage (a) did not occur during the period of carriage by air, and/or (b) was caused or contributed to by an inherent defect, quality or vice of the cargo, defective packaging of the cargo and/or the negligence or other wrongful act or omission of plaintiff, its agents, servants, or employees.

**AS AND FOR A FOURTH
AFFIRMATIVE DEFENSE**

9.     The liability of KAL, if any, is limited pursuant to Article 22 of the Montreal Convention and/or KAL's tariffs and conditions of carriage as set forth in the relevant contract of

carriage.

**AS AND FOR A FIFTH**
**AFFIRMATIVE DEFENSE**

10. Pursuant to its tariffs and conditions of carriage as set forth in the relevant contract of carriage, and/or the applicable local law, KAL is not liable to plaintiff or, in the alternative, KAL's liability is limited.

**AS AND FOR A SIXTH**
**AFFIRMATIVE DEFENSE**

11. Plaintiff's alleged damages resulted from the acts or omissions of parties other than KAL and for whom KAL is not responsible and, therefore, KAL is not liable to plaintiff or, alternatively, KAL's liability to plaintiff is partial only and should be reduced in accordance with applicable law.

**AS AND FOR A SEVENTH**
**AFFIRMATIVE DEFENSE**

12. The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of KAL.

**AS AND FOR AN EIGHTH**
**AFFIRMATIVE DEFENSE**

13. KAL is not liable to plaintiff for the loss or damage described in the Complaint because the alleged loss or damage was caused or contributed to by the negligence of plaintiff or its agents, servants or employees.

**AS AND FOR A NINTH**
**AFFIRMATIVE DEFENSE**

14. Plaintiff failed to mitigate its damages, if any, and, therefore, plaintiff is barred from recovering any such damages from KAL.

## AS AND FOR A TENTH
## AFFIRMATIVE DEFENSE

15.  The alleged damages were caused and brought about by an intervening and superseding cause and were not caused by KAL, or by a person for whom KAL is responsible.

## AS AND FOR AN ELEVENTH
## AFFIRMATIVE DEFENSE

16.  Pursuant to the Montreal Convention and/or KAL's tariffs and conditions of carriage, KAL is not liable to plaintiff because plaintiff failed to dispatch timely written notice of claim to KAL of the loss or damage alleged in the Complaint.

## AS AND FOR A TWELFTH
## AFFIRMATIVE DEFENSE

17.  Pursuant to the Montreal Convention and/or KAL's tariffs and conditions of contract set forth in the relevant contract of carriage, plaintiff may not maintain an action against KAL and/or KAL is not liable to plaintiff for the loss described in the Complaint because the alleged loss did not occur while the cargo was in KAL's possession or the possession of its employees or agents.

## AS AND FOR A THIRTEENTH
## AFFIRMATIVE DEFENSE

18.  Plaintiff's Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

## AS AND FOR A FOURTEENTH
## AFFIRMATIVE DEFENSE

19.  Pursuant to Article 33 of Montreal Convention, this Court lacks treaty jurisdiction and therefore lacks subject matter jurisdiction of the claims asserted by certain plaintiffs in this action as against KAL.

## AS AND FOR A FIRST CROSS-CLAIM
## AGAINST BAX GLOBAL JAPAN K.K.

20.  Any loss or damage sustained as alleged in the Complaint was caused solely by reason of the negligence of defendant Bax Global Japan K.K ("Bax"), without any negligence or culpable conduct on the part of KAL contributing thereto.

21.  If plaintiff obtains a judgment against KAL for the loss or damage alleged in the Complaint, such liability will have been brought about or caused solely by the careless, negligent or culpable acts or omissions of Bax, its agents, servants or employees, and KAL therefore is entitled to full indemnity in an amount equal to the total sum of any such judgment, together with costs and disbursements of the within action.

## AS AND FOR A SECOND
## CROSS-CLAIM AGAINST BAX

22.  Any loss or damage sustained as alleged in the Complaint was caused in substantial part by reason of the negligence of Bax, without any negligence or culpable conduct on the part of KAL contributing thereto.

23.  If plaintiff obtains a judgment against KAL for the loss or damage alleged in the Complaint, such liability will have been brought about and caused, in substantial part, by the careless, negligent or culpable acts or omissions of Bax, its agents, servants, or employees. KAL, therefore, is entitled to contribution from Bax in accordance with its relative culpability for plaintiff's injuries.

## NOTICE OF APPLICABILITY OF FOREIGN LAW

24.  Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, KAL hereby gives notice that it may raise issues concerning the law of a foreign country in this matter.

WHEREFORE, defendant KAL demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting their liability pursuant to the foregoing, together with costs and disbursements. In the event a judgment is entered in favor of plaintiff and against KAL, said defendant demands that it have a judgment over and against Bax for the full amount for which defendant KAL is found to be liable to plaintiff.

Dated: New York, New York
August 4, 2008

                            CLYDE & CO US LLP

                            By: _____
                               Andrew J. Harakas (AH 3515)
                            The Chrysler Building
                            405 Lexington Avenue
                            New York, New York 10174
                            (212) 710-3900

                            Attorneys for Defendant
                            Korean Air Lines Co., Ltd.

To:    Thomas E. Willoughby
       Hill Rivkins & Hayden LLP
       45 Broadway
       New York, New York 10006
       (212) 669-0600
       Attorneys for Plaintiff

       Bax Global Japan K.K
       13-3 Shimkachi
       1- chome
       Nishi-ku
       Osaka, Japan

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

      Mariana Nannarone, being duly sworn, deposes and says that deponent is not a party of this action, is over 18 years of age and resides in Brooklyn, New York. On August 4, 2008 deponent served the within **ANSWER AND CROSS-CLAIMS** upon:

    Thomas E. Willoughby
    Hill Rivkins & Hayden LLP
    45 Broadway
    New York, New York 10006
    (212) 669-0600
    Attorneys for Plaintiff

    Bax Global Japan K.K
    13-3 Shimkachi
    1- chome
    Nishi-ku
    Osaka, Japan

The address(es) designated by said attorney(s) for that purpose by depositing a true copy thereof enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                      _____
                                                          Mariana Nannarone

Sworn to before me this
4th day of August, 2008

_____
      Notary Public

         PATRICIA A. DONNELLY
      Notary Public, State of New York
           No. 01DO5087441
       Qualified in New York County
    Commission Expires Nov. 30, 2009